**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

INTERNATIONAL PAINTERS AND ALLIED )
TRADES INDUSTRY PENSION FUND )
)
     Plaintiff )  CIVIL ACTION NO.
 v. )  1:07-cv-00924 (RCL)
)
I.K.I. ARCHITECTURAL GLAZING SYSTEMS )
 a/k/a IKI Architectural Glazing Systems )
 a/k/a IKI Architectural Glazing Systems, Inc.,)
 an unincorporated business et al. )
)
     Defendants )

**MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**
**PURSUANT TO F.R.C.P. 55(b)**

  Plaintiff, International Painters and Allied Trades Industry Pension Fund, respectfully

moves this Court for entry of judgment by default against Defendants I.K.I. Architectural Glazing

Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc.

("Company"), John Mahoney, Individually and d/b/a I.K.I. Architectural Glazing Systems a/k/a

IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc. ("J. Mahoney"

and, together with G. Mahoney, "Individual Defendants" and, together with Company,

"Defendants") and Gerald Mahoney, Individually and d/b/a I.K.I. Architectural Glazing Systems

a/k/a IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc. ("G.

Mahoney" and, together with J. Mahoney, "Individual Defendants" and, together with Company,

"Defendants"), in the amount of $34,291.32  as well as additional interest, attorneys' fees and

costs incurred by the Fund pursuant to 29 U.S.C. §§ 1132(g)(2)(A)-(D) and for injunctive relief.

This motion follows the default entered against Defendants pursuant to Federal Rule of Civil Procedure 55(a).

Accompanying this motion are a supporting Memorandum of Points and Authorities, the Declaration of Thomas C. Montemore (attached as Ex. 1), the Declaration of Sanford G. Rosenthal (attached as Ex. 2), and a proposed default judgment order.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: s/ Sanford G. Rosenthal
    Sanford G. Rosenthal, Esquire (I.D. NO. 478737)
    The Penn Mutual Towers, 16th Floor
    510 Walnut Street, Independence Square
    Philadelphia, PA 19106-3683
    (215) 351-0611/44

Date: July 24, 2007    Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff | ) | CIVIL ACTION NO. |
| v. | ) | 1:07-cv-00924 (RCL) |
| | ) | |
| I.K.I. ARCHITECTURAL GLAZING SYSTEMS a/k/a IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc., an unincorporated business et al. | ) ) ) ) | |
| | ) | |
| Defendants | ) | |

## DEFAULT JUDGMENT

In consideration of Plaintiff's Motion for Entry of Judgment by Default, the supporting

Memorandum and Declarations, and this Court being duly advised in the premises, it is this ___

day of _____, 2007:

ORDERED, that Plaintiff's Motion shall be and hereby is **GRANTED**; and it is further

ORDERED, that pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and

ERISA, as amended, 29 U.S.C. Section 1132(g)(2), final judgment shall be and hereby is entered

for Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund"),

and against I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a

IKI Architectural Glazing Systems, Inc. ("Company"), John Mahoney, Individually and d/b/a

I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI

Architectural Glazing Systems, Inc. ("J. Mahoney" and, together with G. Mahoney, "Individual

Defendants" and, together with Company, "Defendants") and Gerald Mahoney, Individually and

d/b/a I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI

185373-1

Architectural Glazing Systems, Inc. ("G. Mahoney" and, together with J. Mahoney, "Individual Defendants" and, together with Company, "Defendants"), jointly and severally, in the amount of $34,291.32 which includes the following:

      1.      Contributions in the amount of $24,002.90 for the period October 2006 through May 2007;

      2.      Interest on the unpaid contributions set out in paragraph one (1) above through July 15, 2007 in the amount of $847.43;

      3.      Liquidated damages in the amount of $4,800.58;

      4.      Late Fees in the amount of $1,348.99; and

      5.      Attorneys' fees in the amount of $2,566.00and costs in the amount of $725.42 through July 18, 2007.

ORDERED that Defendants, their owners, officers, agents, servants, attorneys, and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which Defendants are obligated to do so under the collective bargaining agreement(s).

ORDERED that the Pension Fund shall have the right to conduct an audit of books and records for all relevant periods, including the time period from January 2004 through the date of the audit. Defendants, their owners, officers, agents, servants, employees and all persons acting on Defendants' behalf or in conjunction with Defendants, shall be and are hereby restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by the Pension Fund and shall produce all books and records requested by the auditor

and/or the Trustees of the Pension Fund, including, but not limited to, payroll, wage, general

ledger and cash disbursement records, compensation insurance audits, and any other pertinent

records deemed necessary for the purpose of ascertaining and/or verifying payments and/or

liabilities to the Pension Fund. Defendants, jointly and severally, shall pay to the Pension Fund

the cost of the audit together with any additional amounts found owing, plus such other amounts

as set forth in the collective bargaining agreement, the trust agreements and rules and regulations

of the Pension Fund, ERISA and applicable law.

If further action by Plaintiff to enforce this judgment is required, Plaintiff may apply to

this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees

and costs in addition to those set out in paragraph 4 above.


_____ , J.
ROYCE C. LAMBERTH
United States District Judge


Copies of this Default Judgment shall be sent to:

Sanford G. Rosenthal, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683

I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI
Architectural Glazing Systems, Inc.
John Mahoney, Individually and d/b/a I.K.I. Architectural Glazing Systems a/k/a IKI
Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc.
Gerald Mahoney, Individually and d/b/a I.K.I. Architectural Glazing Systems a/k/a IKI
Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc.
1822 West Franklin Street, Suite B
Evansville, IN 47712

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff | ) | CIVIL ACTION NO. |
| v. | ) | 1:07-cv-00924 (RCL) |
| | ) | |
| I.K.I. ARCHITECTURAL GLAZING SYSTEMS a/k/a IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc., an unincorporated business et al. | ) ) ) ) | |
| | ) | |
| Defendants | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN
### SUPPORT OF MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("the Pension Fund"), is entitled to an Order entering judgment by default against Defendants I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc. ("Company"), John Mahoney, Individually and d/b/a I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc. ("J. Mahoney" and, together with G. Mahoney, "Individual Defendants" and, together with Company, "Defendants") and Gerald Mahoney, Individually and d/b/a I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc. ("G. Mahoney" and, together with J. Mahoney, "Individual Defendants" and, together with Company, "Defendants") in the amount of $34,291.32.  In addition, the Plaintiff is entitled to injunctive relief in the form of an Order requiring Defendants to submit to an audit from January 2004 through the date of the audit.

185373-1

The Pension Fund served its Summons and Complaint on Company and on G. Mahoney on June 7, 2007 by serving G. Mahoney, individually and as an officer of Company, at 1822 B West Franklin St., Evansville, IN 47712. The Summons and Complaint was served on J. Mahoney on June 18, 2007 at the same location. The Returns of Service have been filed with the Court. To date, Defendants have failed to answer the Complaint or to otherwise defend this action. On July 19, 2007, default was entered against the Defendants pursuant to Fed. R. Civ. P. 55(a). Plaintiff now submits this motion for entry of judgment by default.

Accompanying this memorandum are a Declaration of Thomas C. Montemore, a Declaration of Sanford G. Rosenthal and a proposed form of judgment.

It is well settled under Indiana law that officers, owners or agents of an unincorporated business, such as a partnership, are personally liable for the debts and obligations of the business. See Victory Committee et al. v. Genesis Convention Center of the City of Gary, 597 N.E.2d 361, 364 citing 2 S. Williston, A Treatise on the Law of Contracts § 308, p. 449 (3d ed. 1969). Company is an unincorporated business operating in Evansville, IN as a partnership or unincorporated association.[1] Individual Defendants are owners, officers and/or agents of the Company and, therefore, are not only personally liable for any debts incurred by the Company, but are also responsible for the obligations of the Company. See, Exhibit 3, a true and correct copy of a Dun & Bradstreet report listing Individual Defendants as "owners" and "partners" of the Company. As such, Individual Defendants are jointly and severally liable for not only any

---

[1]    Despite a thorough search conducted by Funds' counsel on Dun & Bradstreet and the Indiana Secretary of State web site, counsel for the Funds was unable to find any evidence that Company had made any sort of public filing to incorporate or otherwise form an entity so as to protect Individual Defendants against personal liability for the debts of the Company.

amounts owed to the Pension Fund, but also for the obligations of the Company under the collective bargaining agreement.

The Pension Fund requests that the Court enter judgment by default against Defendants, jointly and severally, in the amount of $34,291.32 as set forth in the enumerated paragraphs below.

      1.      <u>Unpaid Contributions in the amount of $24,002.90.</u>

Defendants owe $24,002.90 in unpaid contributions for October 2006 through May 2007. The amounts are based on remittance reports prepared by Defendants and submitted to the Pension Fund. Montemore Declaration, ¶6.

      2.      <u>Interest through July 15, 2007 of $847.43.</u>

The rules and regulations as set forth in Section 10.12(b)(2) of the International Painters and Allied Trades Industry Pension Plan ("Plan") (attached as Exhibit 2 to the Complaint filed in this matter and incorporated by reference) set the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. Interest accruing through July 15, 2007 on Defendants' $24,002.90 in delinquent contributions totals $847.43. Interest shall continue to accrue on unpaid contributions in accordance with the Pension Fund's rules and regulations and ERISA until the date of actual payment. Montemore Declaration, ¶8; 29 U.S.C. § 1132(g)(2); 26 U.S.C. § 6621.

      3.      <u>Liquidated Damages of $4,800.58.</u>

ERISA and Section 10.12(b)(3) of the Plan mandate that liquidated damages be awarded in an amount equal to the greater of interest or twenty percent (20%) of unpaid contributions. As indicated above, Defendants owe $24,002.90 in unpaid contributions. Twenty percent (20%) of

this amount is $4,800.58. Since the total amount of liquidated damages is greater than the interest

amount, Defendants owe a total of $4,800.58 in liquidated damages. Montemore Declaration,

paragraph 9; 29 U.S.C. Section 1132(g)(2).

      4.     <u>Late charges of $1,348.99</u>.

      ERISA and Section 10.12 of the Plan allow other legal or equitable relief as the Court

deems appropriate.  Article VI, Sec. 4 of the Pension Fund's Agreement and Declaration of Trust

provides for "late charges" in the form of interest on contributions paid more than twenty days

after the due date and prior to litigation.   Defendants owe $1,348.99 in late charges for the period

October 2005 through September 2006.  Montemore Declaration, paragraph 10.  <u>See also,</u>

<u>International Brotherhood of Painters and Allied Trades International Union and Industry Pension</u>

<u>Fund v. Claser Painting Corporation</u>, No. 91-7185, slip. op. at *1-2 (D.C. Cir. Feb. 1, 1993).

      5.     <u>Attorneys' fees and costs of $3,291.42.</u>

      Plaintiff has incurred $2,566.00 in attorneys' fees and $725.42 in costs on this matter

through July 18, 2007.  Rosenthal Declaration, paragraph 2; 29 U.S.C.§ 1132(g)(2).

      6.     <u>Injunctive Relief</u>.

      In light of Defendants' failure to comply with their contractual and statutory obligations

to the Pension Fund to submit timely, accurate remittance reports and pension contributions each

month (See, Montemore Declaration, paragraph 11) and the irreparable harm which Defendants'

malfeasance causes the Pension Fund, the Pension Fund respectfully requests the injunctive relief

which is set forth in its proposed default judgment.  <u>Laborers' Fringe Benefit Funds v. Northwest</u>

<u>Concrete</u>, 640 F.2d 1350, 1352 (6th Cir. 1981); <u>IBPAT Union and Industry Pension Fund v.</u>

Hartline-Thomas, Inc., 4 EBC 1199, 1200 (D.D.C. 1983); Teamsters Local 639 - Employers

Trust v. Jones & Artis Construction Co., 640 F.Supp. 223 (D.D.C. 1986).

7.    Audit

The determination of an employee's eligibility for benefits is made based upon

information contained on the remittance report.  An employer's liability to the Pension Fund is

also based on information contained in the report.  When a remittance report is not submitted or

contains incorrect information, then a proper determination of eligibility and amounts due to the

Pension Fund is impossible.  In such a case, the only means of obtaining the necessary

information is to review the employer's payroll records.  Central States, S.E. & S.W. Areas

Pension Fund v. Central Transport, Inc., 472 U.S. 559, 581 (1985).  Given the clear language of

the contract and obligation mandated by ERISA, this Court should order the Defendants to

produce their payroll books and records from January 2004 through the date of the audit, so that a

precise determination of any further amounts that may be owed can be made.

8.    Future Attorneys' Fees and Costs of Collection.

The Pension Fund is entitled to reimbursement of all attorneys' fees and costs it incurs in

connection with the enforcement and collection of any judgment entered by the Court.  Free v.

Briody, 703 F.2d, 807 (7th Cir. 1986).

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: _s/ Sanford G. Rosenthal_____
     Sanford G. Rosenthal, Esquire (I.D. NO. 478737)
     The Penn Mutual Towers, 16th Floor
     510 Walnut Street, Independence Square
     Philadelphia, PA 19106-3683
     (215) 351-0611/0644
Date: July 24, 2007                Attorneys for Plaintiff
185373-1                                     5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify this 20th day of July 2007, that I caused to be served a copy of the

foregoing Motion for Entry of Judgment by Default, Memorandum of Points and Authorities in

Support thereof, Declaration of Thomas C. Montemore, Declaration of Sanford G. Rosenthal and

proposed Default Judgment by sending a copy of same via U.S. Mail, postage-prepaid to:

I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI
Architectural Glazing Systems, Inc.
1822 West Franklin Street, Suite B
Evansville, IN 47712

and

John Mahoney, Individually and d/b/a I.K.I. Architectural Glazing Systems a/k/a IKI
Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc.
1822 West Franklin Street, Suite B
Evansville, IN 47712

and

Gerald Mahoney, Individually and d/b/a I.K.I. Architectural Glazing Systems a/k/a IKI
Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc.
1822 West Franklin Street, Suite B
Evansville, IN 47712

DATE: July 24, 2007

s/ Sanford G. Rosenthal
SANFORD G. ROSENTHAL, ESQUIRE

185373-1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff | ) | CIVIL ACTION NO. |
| v. | ) ) | 1:07-cv-00924 (RCL) |
| I.K.I. ARCHITECTURAL GLAZING SYSTEMS a/k/a IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc., an unincorporated business et al. | ) ) ) ) ) ) | |
| Defendants | ) | |

## DECLARATION OF THOMAS C. MONTEMORE

Thomas C. Montemore states under penalty of perjury that the following is true and correct:

1.      I am the Assistant to the Fund Administrator of the International Painters and Allied Trades Union and Industry Pension Fund ("Pension Fund" or "Fund"). I have held that position since November 1, 2000. I served as Delinquency Controller from 1988 through October 31, 2000 and as the Delinquency Coordinator from 1986 to 1988, and before that, acted as Agreement Clerk from 1982 to 1986, and File Clerk beginning in 1979.

2.      The Pension Fund is an "employee benefit pension plan" as defined in Section 3(2)(A)(I) of ERISA, as amended, 29 U.S.C. Section 1002(2)(A)(I), established by the International Brotherhood of Painters and Allied Trades, AFL-CIO-CFL ("the Brotherhood"), and employers in private industry whose employees are members of or otherwise represented by the Brotherhood and its district councils and local unions, for the purpose of providing retirement income to the employees. The Pension Fund is administered in the District of Columbia from its principal place of business at 1750 New York Avenue, N.W., Washington, D.C. 20006.

Montemore Declaration - IKI Architectural 55(b)



EXHIBIT

1

3.    A complete and accurate copy of the Agreement and Declaration of Trust of the Pension Fund is attached to the Complaint as Exhibit 1 and is incorporated herein by reference.

4.    I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc. ("Company"), John Mahoney, Individually and d/b/a I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc. ("J. Mahoney" and, together with G. Mahoney, "Individual Defendants" and, together with Company, "Defendants") and Gerald Mahoney, Individually and d/b/a I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc. ("G. Mahoney" and, together with J. Mahoney, "Individual Defendants" and, together with Company, "Defendants"), are contributing employers of the Pension Fund and are based in and conducting business in Evansville, Indiana. Defendants entered into a collective bargaining agreement with Local Union 1165.  Local Union 1165 is a labor organization representing individuals employed in the painting and allied trades industry. The collective bargaining agreement requires Defendants to submit monthly contributions to the Pension Fund on behalf of all employees in the bargaining unit.  Contributions must be made for each hour for which employees receive pay at the contribution rate specified in the agreement. Failure to make the required contributions, or to submit either incorrect or late remittance reports and contributions, results in a delinquency to the Pension Fund.

5.    In addition to monthly contributions, the Pension Fund also requires Defendants to submit monthly remittance reports, on which Defendants are to list Defendants' employees and the hours for which the employees received pay that month.

6.     Based upon remittance reports prepared by Defendants and submitted to the Pension Fund and other records covering the period October 2006 through May 2007, Defendants owe contributions in at least the amount of $24,002.90.

7.     A precise determination of the amounts owed by the Defendants can not be made without an audit of the Defendants' payroll and related records.

8.     Defendants owe interest through July 15, 2007 in the amount of $847.43 on the unpaid pension contributions set forth in paragraph 6.  The interest has been calculated in accordance with the fluctuating IRS interest rate, as provided at Section 10.12(b)(2) of the rules and regulations of the Pension Fund (attached to the Complaint as Exhibit 2 and incorporated herein by reference).

9.     Section 10.12(b) (3) of the Pension Fund's rules and regulations parallels the ERISA statute, 29 U.S.C. Section 1132(g)(2), and requires the assessment of liquidated damages against Defendants in an amount equal to the greater of the following: the amount of interest owed on the delinquent principal, or twenty percent (20%) of the delinquent principal.  As noted above, the total interest owed through July 15, 2007 is $847.43. Twenty percent (20%) of the currently delinquent principal ($24,002.90) equals $4,800.58.  Therefore, Defendants owe a total of $4,800.58 in liquidated damages.

10.     Section 10.12 Pension Fund's rules and regulations parallels the ERISA statute, 29 U.S.C. Section 1132(g)(2) and allows other legal or equitable relief as the Court deems appropriate.  Article VI, Sec. 4 of the Pension Fund's Agreement and Declaration of Trust (attached to the Complaint as Exhibit 1 and incorporated herein by reference) provides for "late charges" in the form of interest on contributions paid more than twenty days after the due date

and prior to litigation.   Defendants owe $1,348.99 in late charges for the period October 2005

through September 2006.

     11.    Despite a continuing contractual obligation to do so, Defendants repeatedly have

failed to submit timely remittance reports and pension contributions.  The Pension Fund is

required to pay pensions to all properly vested employees of contributing employers.  Employees

of contributing employers continue to accrue pension credits, based on the hours of their

employment, regardless of whether their employers make pension contributions on their behalf

for these hours, as contractually required.  The Pension Fund's obligation to recognize these

pension credits and to pay pensions to vested employees is absolute and continues even if the

employers fail to pay their required pension contributions.  The refusal of Defendants to

contribute as they are bound to means irreparable harm and injury to the Pension Fund --an

obligation to make pension payments to employees without the necessary pension contributions

from Defendants to cover those benefits.  Moreover, whenever Defendants fail to submit

remittance reports accurately reflecting the number of hours for which their employees received

pay, Defendants prevent the Pension Fund from calculating the proper pension credits due to

Defendants' employees.  The Defendants, therefore should be required to file all past due

remittance reports and timely submit current remittance reports and pension contributions in the

future.

                     I declare under penalty of perjury in
accordance with 28 U.S.C.§ 1746 that the
foregoing is true and correct to the best of
my knowledge, information and belief.

Date: _7_|_16_|_07_ _____

THOMAS C. MONTEMORE

Montemore Declaration - IKI Architectural 55(b)       4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

INTERNATIONAL PAINTERS AND ALLIED )
TRADES INDUSTRY PENSION FUND )
                                                 )
                  Plaintiff       )      CIVIL ACTION NO.
    v.                               )      1:07-cv-00924 (RCL)
                                                 )
I.K.I. ARCHITECTURAL GLAZING SYSTEMS )
    a/k/a IKI Architectural Glazing Systems  )
    a/k/a IKI Architectural Glazing Systems, Inc.,)
    an unincorporated business et al.      )
                                               )
                Defendants     )

**<u>DECLARATION OF SANFORD G. ROSENTHAL, ESQUIRE</u>**

SANFORD G. ROSENTHAL states:

1.      I am a shareholder with the law firm of Jennings Sigmond, P.C. with

responsibility for the case captioned *International Painters and Allied Trades Industry Pension*

*Fund v.* I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI

Architectural Glazing Systems, Inc. et al., Civil Action No. 1:07-cv-00924 (RCL).  I submit this

declaration to support an award of attorney fees to Plaintiff.

<u>Case Fees</u>

2.      Attached as Exhibit 4 to Plaintiff's Motion for Entry of Judgment by Default is a

list showing all work performed by the office of Jennings Sigmond, P.C. and related costs in

connection with in this action through July 18, 2007.  The listing was prepared from

contemporaneous attorney time and expenses records and bills, the originals of which are

maintained in the regular business records of Jennings Sigmond. Each piece of work is separately

185373-1                          6



coded and the work performed is described.  The fees relevant to this case are $2,566.00 and expenses are $725.42 for a total of $3,291.42.

3.     The identity of those performing services related to this matter and normal hourly rates are as follows.

| INITIALS | NAME | TITLE | HOURLY RATE |
|----------|------|-------|-------------|
| SGR | Sanford G. Rosenthal | Shareholder | $220.00[2] |
| JAF | Jerome A. Flanagan | Associate | $220.00 |
| CTM | Cathy T. Morton | Paralegal | $ 70.00 |

4.     Plaintiffs only seek judgment for fees in the bills, which reflect a special fee schedule with the International Painters and Allied Trades Industry Pension Fund for a uniform $220.00 per hour rate for all lawyers and $70.00 per hour for paralegals and clerks.

Attorney Background and Experience

5.     Sanford G. Rosenthal.  Sanford G. Rosenthal is a firm shareholder and co-leader of the ERISA practice and has practiced law for 23 years. He received his undergraduate education at Pennsylvania State University, where he graduated in 1971.  He worked as Audit Manager and Office Manager in the administrative team for the Teamsters Health and Welfare and Pension Funds of Philadelphia and Vicinity from 1971 through 1980.  He attended the Dickinson School of Law, where he was awarded the Degree of Juris Doctor in 1983.  He is a member of the Bar of the Supreme Court of Pennsylvania and the District of Columbia Bar.  He is also admitted to practice before the United States Court of Appeals for the Third Circuit and the United States District Courts for the Eastern and Middle Districts of Pennsylvania.  His practice concentrates on the representation of multiemployer benefit funds in delinquency litigation and counseling. A sample of his litigation experience is available in 32 published cases

185373-1                                  7

that can be obtained through a Westlaw search for "AT ("Sanford G. Rosenthal") and Jennings" in the FPENS-CS library.

6.    <u>Jerome A. Flanagan</u>. Jerome A. Flanagan, an associate in the firm, has practiced law for three (3) years. He graduated in 2000 from the University of Scranton, with a Bachelors Degree in English.  He received his law degree in 2003 from Syracuse University. Following law school, Mr. Flanagan served as a judicial clerk in Lackawanna County, Pennsylvania. Prior to joining Jennings Sigmond, P.C., Mr. Flanagan practiced insurance defense in the Philadelphia area.

7.    <u>Catherine T. Morton</u>. Catherine T. Morton is a Paralegal in the Jennings Sigmond office. She has been with the office for six (6) years and is experienced in corporate computer database research, electronic filing procedures throughout the country and preparation and documentation of service of complaints and other pleadings for employee benefit collections matters, in addition to other skills.

<u>Legal Market Benchmark</u>

8.    The time and fees charged in this case are reasonable based on prevailing market rates for similar services by lawyers of reasonably comparable skill, experience and reputation in both the Philadelphia and District of Columbia markets.

9.    My opinion that the time and fees are reasonable is based on a number of factors, including the following.

(a)    We serve as counsel or co-counsel to over 20 multiemployer employee benefit funds groups.  The firm currently has 17 lawyers, with a dedicated benefits department of seven (7) lawyers plus part-time work by three (3) other lawyers in the labor practice.  The work is

---

18977  Prior to June 2007, the hourly rate for attorney shareholders and associates was $200.00.

specialized and our competition often is large corporate firms with both employee benefits and federal litigation experience.  In my experience, our fees are normally substantially lower than the charges of larger firms.

(b)    The flat rate in this case is consistent with market rates in published surveys by Altman Weil, a leading law firm consultant. Specifically, Altman Weil found a median hourly rate in 2005 of $195 for associates in the Middle Atlantic region (encompassing both Philadelphia and the District of Columbia) and a range up to $273 per hour at the 90th percentile. See Associate Hourly Billing Rates (March 10, 2006), reprinted from http://www.altmanweil.com/PracticeSpecialtiesRates/ and attached hereto as Exhibit 5. The median rate for partners (shareholders) in employee benefits litigation was $305 per hour, *id.*, Practice Specialties and Hourly Rates (October 1, 2005),   A $200 rate in 2006 is only a 2.56% increase over the 2005 median for associates only.

(c)    The fees are consistent with market ranges in a 2004 Ohio bar association survey, downloads.ohiobar.org/conventions/convention2005/session508%20Economics%20of%20Law.pdf, attached as Exhibit 6, especially pages 26 and exhibit 27, especially after giving weight to increases from 2004 to 2006 (roughly 5% per year on average in the Ohio survey) and regional differences reflected in Altman Weil data (Ex. 4), showing an 8.33% higher rate in median associates' rates in the Middle Atlantic region ($195) over the East North Central region covering Ohio ($180)).  The Ohio survey showed median hourly associate rates in the comparable downtown Cleveland, Cincinnati and Columbus areas of $200 - $235 per hour, ranging up to $ $334 - $359 at the 90[th] percentile. See, Exhibit 5 (excerpt page 26).  It also shows

that a $70 per hour paralegal rate is less than the median rate for 5 years experience in Ohio,

without adjustment for regional differences, Exhibit 6 (Ex. 27).

     I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information and belief.


Signed on:  <u>July 20, 2007</u>

                                             <u>s/ Sanford G. Rosenthal</u>
                                             SANFORD G. ROSENTHAL, ESQUIRE
                                             (I.D. NO. 478737)
                                             The Penn Mutual Towers, 16th Floor
                                             510 Walnut Street, Independence Square
                                             Philadelphia, PA 19106-3683
                                             (215) 351-0611
                                             Attorney for Plaintiff


OF COUNSEL:
JEROME A. FLANAGAN
Jennings Sigmond, P.C.
510 Walnut Street, Suite 1600
Philadelphia, PA 19106
(215) 351-0660


185373-1                                                    10




**Comprehensive Report**   Now with NEW Features

# I K I ARCHITECTURAL GLAZING ...
**D-U-N-S® Number 10-322-5061**

Copyright 2007 Dun & Bradstreet - Provided under contract for the exclusive use of subscriber 004019911L
ATTN: ptintf.28927.jaf

Report Printed: APR 30 2007

- 🖶 Print Entire R
- ✉ E-mail Repor
- 💾 Save HTML R
- ☑ Set as My Fav

**D&B**
Decide with Confidence

◄Back To Report Archive
◄New Search

Overview | Scores | Payments | Public Filings | History & Operations | Banking & Finar

---

**How useful was the D&B data for this company?**
☆☆☆☆☆
Not Very        Very
Add comments?
[Submit]

**OVERVIEW**
▸ Business Summary
▸ Executive Summary
▸ Credit Capacity Summary

**SCORES**
▸ Financial Stress
▸ Credit Score Class

**PAYMENTS**
▸ Payment Trends
▸ Payment Summary
▸ Payment Details

**PUBLIC FILINGS**
▸ Liens
▸ UCC Filings
▸ Government Activity

**HISTORY & OPERATIONS**
▸ History
▸ Operations
▸ SIC & NAICS

**BANKING & FINANCE**
▸ Key Business Ratios
▸ Finance
▸ Customer Service

**WEB RESOURCES**

**NOW WITH THIS REPORT**
▸ Credit Limit Recommendation

**D&B RESOURCES**
▸ Full Glossary of Terms
▸ Making Better Credit Decisions
▸ Interpreting D&B Ratings and Scores

▸ Understanding

## Overview

### BUSINESS SUMMARY

❓ About Business Sum

**I K I ARCHITECTURAL GLAZING SYSTEM**
**1822 W Franklin St Ste B**
**Evansville, IN 47712**

| | |
|---|---|
| 🆔 **D&B D-U-N-S Number:** | 10-322-5061 |

This is a **single** location.

| | |
|---|---|
| **Telephone:** | 812 423-3575 |
| **Fax:** | 812 423-3576 |
| **Manager:** | JOHN MAHONEY, PARTNER |
| **Year started:** | 1999 |
| **Employs:** | 25-30 |
| **Sales E:** | $1,508,000 |
| **History:** | CLEAR |
| | · Jump to: Finance Section |
| **SIC:** | 1793 |
| | · Jump to: SIC & NAICS Section |
| **Line of business:** | Glass/glazing contractor |

Now Included with this Report   NEW

**D&B's Credit Limit Recommendation**
How much credit should you extend?
▸ Learn More        ▸ View Nov

**Payment Trends Profile**
Payment trends and industry benchmarks
▸ Jump to Payment Trend

**Credit Score Class: 4**
Moderate to high risk of severe payment delinquency ove
next 12 months

| High | Moderate | Low |
|---|---|---|
| 5 | 4 | 3 | 2 | 1 |

· Jump to: Credit Score Class Summary

**Financial Stress Class: 1**
Low risk of severe financial stress over the next 12 months

| High | Moderate | Low |
|---|---|---|
| 5 | 4 | 3 | 2 | 1 |

· Jump to: Financial Stress Summary

**12-Month D&B PAYDEX®: 51**
When weighted by dollar amount, payments to suppliers average 29 days beyond terms.

| 0 | | 100 |
|---|---|---|
| 120 days slow | 30 days slow   Prompt | Anticipates |

· Jump to: PAYDEX

🆔 **D&B Rating:**        **1R4**
**Number of employees:**  1R is **10 or more** employees.

EXHIBIT

3

Financial
Statements
▸ Understanding Key
Business Ratios
▸ Submit a Credit
Reference on this
Business



**Composite credit appraisal:**   4 is **limited**.

• Jump to:  Credit Capacity Summary

## EXECUTIVE SUMMARY



▸ Back to Top

The **Financial Stress Class of 1** for this company shows that firms with this classification had a failure rate of 1.2% (120 per 10,000), which is lower than the average of businesses in D&B's database

The **Credit Score class of 4** for this company shows that 31.6% of firms with this classification paid one or more bills severely delinquent, which is 1.57 times higher than the average of businesses in D&B's database.

| Predictive Scores | This Business | Comments |
|---|---|---|
| Financial Stress Class | 1 | Failure Rate lower than the average of businesses in D&B's database |
| Financial Stress Score | 1338 | Highest Risk: 1,001; Lowest Risk: 1,875 |
| Credit Score Class | 4 | Probability of Severely Delinquent Payment is higher than the average of businesses in D&B's database. |
| Credit Score | 372 | Highest Risk: 101; Lowest Risk: 670 |

**Other Key Indicators**

| | | |
|---|---|---|
| Current PAYDEX | 29 days beyond terms | Pays more slowly than the average for its industry of 5 days beyond terms |
| Industry Median | 5 days beyond terms | |
| Present management control | 8 years | |
| UCC Filings | UCC filing(s) are reported for this business | |
| Public Filings | Evidence of open liens only in the D&B database | |
| History | Is clear | |

## CREDIT CAPACITY SUMMARY

About Credit Capacity Summa

▸ Back to Top

**D&B Rating:**   **1R4**

**Number of employees:**   1R indicates **10 or more** employees.

**Composite credit appraisal:** 4 is **limited**.

The 1R and 2R ratings categories reflect company size based on the total number of employees for the business. They are assigned to business files that do not contain a current financial statement. In 1R and 2R Ratings, the 2, 3, or 4 creditworthiness indicator is based on analysis by D&B of public filings, trade payments, business age and other important factors. 2 is the highest Composite Credit Appraisal a company not supplying D&B with current financial information can receive. For more information, see the **D&B Rating Key**.

| | | | |
|---|---|---|---|
| Sales: | $1,508,000 | **Payment Activity:** | |
| # of Employees Total: | 25-30 | (based on 15 experiences) | |
| | | **Average High Credit:** | $5,762 |
| | | **Highest Credit:** | $30,000 |
| | | **Total Highest Credit:** | $69,450 |

**Jump to:**

Overview    |    Payments    |    Public Filings    |    History & Operations    |    Banking & Finance

## Scores  ☑ D&B EXCLUSIVE

### FINANCIAL STRESS SUMMARY                                     ⍰ About Financial Stress Summary
▸ Back to Top

The Financial Stress Summary Model predicts the likelihood of a firm ceasing business without paying all creditors in full, or reorganization or obtaining relief from creditors under state/federal law over the next 12 months. Scores were calculated using a statistically valid model derived from D&B's extensive data files.

**Financial Stress Class: 1**



Low risk of severe financial stress, such as a bankruptcy, over the next 12 months.

**Incidence of Financial Stress**

Among Businesses with this Class:            1.20% (120 per 10,000)
Average of Businesses in D&B's Database: 2.60% (260 per 10,000)

**Financial Stress National Percentile: 31** (Highest Risk: 1; Lowest Risk: 100)

**Financial Stress Score: 1338** (Highest Risk: 1,001; Lowest Risk: 1,875)

The Financial Stress Score of this business is based on the following factors:

- 59% of trade dollars indicate slow payment(s) are present.
- Payment experiences exist for this firm which are greater than 60 days past due.
- Control age or date entered in D&B files indicates higher risk.

**Notes:**

- The Financial Stress Class indicates that this firm shares some of the same business and financial characteristics of other companies with this classification. It does not mean the firm will necessarily experience financial stress.
- The Incidence of Financial Stress shows the percentage of firms in a given Class that discontinued operations with loss to creditors. The Average Incidence of Financial Stress is based on businesses in D&B's database and is provided for comparative purposes.
- The Financial Stress National Percentile reflects the relative ranking of a company among all scorable companies in D&B's file.
- The Financial Stress Score offers a more precise measure of the level of risk than the Class and Percentile. It is especially helpful to customers using a scorecard approach to determining overall business performance.
- All Financial Stress Class, Percentile, Score and Incidence statistics are based on sample data from 2004.

| Norms | National % |
|---|---|
| This Business | 31 |
| Region:<br>**EAST NORTH CENTRAL** | 49 |
| Industry:<br>**CONSTRUCTION** | 38 |



| Employee Range: **20-99** | 80 |
| Years in Business: **6-10** | 37 |

This business has a Financial Stress Percentile that shows:

- Higher risk than other companies in the same region.
- Higher risk than other companies in the same industry.
- Higher risk than other companies in the same employee size range.
- Higher risk than other companies with a comparable number of years in business.

## CREDIT SCORE CLASS SUMMARY
▷ Back to Top

 About Credit Score Class Summa

The Credit Score Class predicts the likelihood of a firm paying in a severely delinquent manner (90+ Days Past Terms) over the next twelve months. It was calculated using statistically valid models and the most recent payment information in D&B's files.



**Credit Score Class: 4**

Moderate to high risk of severe payment delinquency over next 12 months.

### Incidence of Delinquent Payment

Among Companies with this Class:                    31.60%
Average Compared to Businesses in D&B's Database: 20.10%

**Credit Score Percentile: 13** (Highest Risk: 1; Lowest Risk: 100)

**Credit Score: 372** (Highest Risk: 101; Lowest Risk: 670)

The Credit Score of this business is based on the following factors:

- 59% of trade dollars indicate slow payment(s) are present.
- Payment experiences exist for this firm which are greater than 60 days past due.

**Notes:**

- The Credit Score Class indicates that this firm shares some of the same business and payment

characteristics of other companies with this classification. It does not mean the firm will necessarily experience delinquency.

- The Incidence of Delinquent Payment is the percentage of companies with this classification that were reported 90 days past due or more by creditors. The calculation of this value is based on an inquiry weighte sample.
- The Percentile ranks this firm relative to other businesses. For example, a firm in the 80th percentile has a lower risk of paying in a severely delinquent manner than 79% of all scorable companies in D&B's files.
- The Credit Score offers a more precise measure of the level of risk than the Class and Percentile. It is especially helpful to customers using a scorecard approach to determining overall business performance.
- All Credit Class, Percentile, Score and Incidence statistics are based on sample data from 2004.



**Credit Score Norms Comparison (%)**

Region=EAST NORTH CENTRAL
Industry=CONSTRUCTION
Employee Range=20-99
Years in Business=6-10

| Norms | National % |
|---|---|
| This Business | 13 |
| Region: **EAST NORTH CENTRAL** | 50 |
| Industry: **CONSTRUCTION** | 51 |
| Employee Range: **20-99** | 69 |
| Years in Business: **6-10** | 54 |

This business has a Credit Score Percentile that shows:

- Higher risk than other companies in the same region.
- Higher risk than other companies in the same industry.
- Higher risk than other companies in the same employee size range.
- Higher risk than other companies with a comparable number of years in business.

---

**Jump to:**

Overview | Scores | Public Filings | History & Operations | Banking & Finance

# Payments  ☑ D&B EXCLUSIVE

**PAYMENT TRENDS**
▸ Back to Top

About Payment Trer

| | |
|---|---|
| **Total Payment Experiences in D&B's File:** | 15 |
| **Payments Within Terms:** (not dollar weighted) | 64% |
| **Total Placed For Collection:** | 1 |
| **Average Highest Credit:** | $5,762 |

| Largest High Credit: | $30,000 |
|---|---|
| Highest Now Owing: | $10,000 |
| Highest Past Due: | $250 |

| Current PAYDEX is: | 51 | equal to 29 days beyond terms |
|---|---|---|
| Industry Median is: | 77 | equal to 5 days beyond terms |
| Payment Trend currently is: | ⬌ | unchanged, compared to payments three months ago |

Indications of slowness can be the result of dispute over merchandise, skipped invoices, etc. Accounts are sometimes placed for collection even though the existence or amount of the debt is disputed.

## PAYDEX Scores

▸ Back to Top

About PAYDEX Scor

Shows the D&B PAYDEX scores as calculated on the most recent 3 months and 12 months of payment experiences

The D&B PAYDEX is a unique, dollar weighted indicator of payment performance based on up to payment experiences as reported to D&B by trade references. A detailed explanation of how to read and interpret PAYDEX scores can be found at the end of this report.

**3-Month D&B PAYDEX: 51**
When weighted by dollar amount, payments to suppliers average 29 days beyond terms.

Based on payments collected over last 3 months.

**12-Month D&B PAYDEX: 51**
When weighted by dollar amount, payments to suppliers average 29 days beyond terms.

Based on payments collected over last 12 months.



**D&B PAYDEX Key**
- ■ High risk of late payment (average 30 to 120 days beyond terms)
- ▨ Medium risk of late payment (average 30 days or less beyond terms)
- ■ Low risk of late payment (average prompt to 30+ days sooner)

## PAYDEX Yearly Trend

▸ Back to Top

About PAYDEX Yearly Tre

### 12 Month PAYDEX Scores Comparison to Industry

|  | 5/06 | 6/06 | 7/06 | 8/06 | 9/06 | 10/06 | 11/06 | 12/06 | 1/07 | 2/07 | 3/07 | 4/07 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| This Business | 78 | 78 | 63 | 63 | 63 | 60 | 59 | 51 | 51 | 51 | 51 | 51 |
| **Industry Quartiles** | | | | | | | | | | | | |
| Upper | | 80 | | | 80 | | | 80 | | | 80 | |
| Median | | 77 | | | 77 | | | 77 | | | 77 | |
| Lower | | 69 | | | 71 | | | 70 | | | 71 | |

Shows the trend in D&B PAYDEX scoring over the past 12 months.

Case 1:07-cv-00924-RCL    Document 3-7    Filed 07/24/2007    Page 7 of 14



**Last 12 Months**

Based on payments collected over the last 12 months.

- Current PAYDEX for this Business is 51, or equal to 29 days beyond terms
- The 12-month high is **78**, or equal to 3 days beyond terms
- The 12-month low is **51**, or equal to 29 days beyond terms

---

**PAYDEX Comparison to Industry**                    ⦿ About PAYDEX Comparison to Indus
▸ Back to Top

Shows PAYDEX scores of this Business compared to the Primary Industry from each of the last four quarters. The Primary Industry is Glass/glazing contractor, based on SIC code 1793.

**Quarterly PAYDEX Scores Comparison to Industry**

Previous Year

|                      | 6/05 | 9/05 | 12/05 | 3/06 |
|----------------------|------|------|-------|------|
| **This Business**    | 60   | 61   | 61    | 65   |
| **Industry Quartiles** |    |      |       |      |
| Upper                | 80   | 80   | 80    | 80   |
| Median               | 77   | 77   | 77    | 77   |
| Lower                | 68   | 68   | 68    | 68   |

Current Year

|                      | 6/06 | 9/06 | 12/06 | 3/07 |
|----------------------|------|------|-------|------|
| **This Business**    | 78   | 63   | 51    | 51   |
| **Industry Quartiles** |    |      |       |      |
| Upper                | 80   | 80   | 80    | 80   |
| Median               | 77   | 77   | 77    | 77   |
| Lower                | 69   | 71   | 70    | 71   |



**Last 12 Months**

Based on payments collected over the last 4 quarters.

| Score Comparison Key: | ▷ This Business | ▲ Industry upper quartile |
|---|---|---|
| | | ■ Industry median |
| | | ▼ Industry lower quartile |

- Current **PAYDEX** for this Business is **51**, or equal to 29 days beyond terms
- The present industry **median score** is **77**, or equal to 5 days beyond terms.

- Industry upper quartile represents the performance of the payers in the 75th percentile
- Industry lower quartile represents the performance of the payers in the 25th percentile

## Payment Habits
‣ Back to Top

 About Payment Hab

For all payment experiences within a given amount of credit extended, shows the percent that this Business paid within terms. Provides number of experiences used to calculate the percentage, and the total dollar value of the credit extended.



| $ Credit Extended | % of Payments Within Terms | # Payment Experiences | $ Total Dollar Amount |
|---|---|---|---|
| Over 100,000 | 0% | 0 | $0 |
| 50,000-100,000 | 0% | 0 | $0 |
| 15,000-49,999 | 38% | 3 | $65,000 |
| 5,000-14,999 | 0% | 0 | $0 |
| 1,000-4,999 | 50% | 1 | $2,500 |
| Under 1,000 | 100% | 8 | $1,650 |

Based on payments collected over the last 12 months.

Payment experiences reflect how bills are met in relation to the terms granted. In some instances, payment beyond terms can be the result of disputes over merchandise, skipped invoices, etc.

## PAYMENT SUMMARY
‣ Back to Top

 About Payment Summa

The Payment Summary section reflects payment information in D&B's file as of the date of this report.

There are 15 payment experiences in D&B's file for the most recent 12 months, with 8 experiences reported during the last three month period.

Below is an overview of the company's dollar-weighted payments, segmented by its suppliers' primary industries:

| | Total Rcv'd (#) | Total Dollar Amts ($) | Largest High Credit ($) | Within Terms (%) | Days Slow <31 | 31-60 | 61-90 | 90> (%) |
|---|---|---|---|---|---|---|---|---|
| **Top industries:** | | | | | | | | |
| Gas service station | 3 | 250 | 100 | 100 | 0 | 0 | 0 | 0 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Hvy const eqpt rental | 2 | 45,000 | 30,000 | 33 | 17 | 0 | 0 | 50 |
| Nonclassified | 2 | 800 | 750 | 100 | 0 | 0 | 0 | 0 |
| Trucking non-local | 2 | 350 | 250 | 100 | 0 | 0 | 0 | 0 |
| Whol lumber/millwork | 1 | 20,000 | 20,000 | 50 | 0 | 0 | 0 | 50 |
| Misc business service | 1 | 2,500 | 2,500 | 50 | 50 | 0 | 0 | 0 |
| Radiotelephone commun | 1 | 250 | 250 | 100 | 0 | 0 | 0 | 0 |

**Other payment categories:**

| | | | |
|---|---|---|---|
| Cash experiences | 0 | 0 | 0 |
| Payment record unknown | 2 | 300 | 250 |
| Unfavorable comments | 0 | 0 | 0 |

**Placed for collections:**

| | | | |
|---|---|---|---|
| With D&B | 0 | 0 | 0 |
| Other | 1 | N/A | 0 |
| Total in D&B's file | 15 | | 30,000 |

The highest **Now Owes** on file is $10,000 The highest **Past Due** on file is $250

Accounts are sometimes placed for collection even though the existence or amount of the debt is disputed. Indications of slowness can be result of dispute over merchandise, skipped invoices, etc.

**PAYMENT DETAILS**
▸ Back to Top

 About Payment Details

**Detailed payment history**

| Date Reported (mm/yy) | Paying Record | High Credit ($) | Now Owes ($) | Past Due ($) | Selling Terms | Last Sale Within (months) |
|---|---|---|---|---|---|---|
| 03/07 | Ppt | 250 | 250 | 250 | | 2-3 mos |
| | Ppt | 100 | 50 | 0 | | 1 mo |
| | Ppt | 100 | 0 | 0 | | 2-3 mos |
| | Ppt | 50 | 50 | 0 | | 1 mo |
| | Ppt-Slow 30 | 2,500 | 750 | 0 | | 1 mo |
| | Ppt-Slow 90+ | 30,000 | 0 | 0 | N30 | 1 mo |
| | Slow 30-90+ | 15,000 | 0 | 0 | | 6-12 mos |
| | (008) | 50 | 0 | 0 | N30 | 6-12 mos |
| 12/06 | Ppt-Slow 120 | 20,000 | 10,000 | 0 | | 1 mo |
| | (010) | 250 | 250 | 250 | | 4-5 mos |
| | (011) | 250 | 50 | 50 | | 4-5 mos |
| | Placed for collection. | | | | | |
| 09/06 | Ppt | 750 | 0 | 0 | N30 | 6-12 mos |
| 04/06 | Ppt | 250 | 0 | 0 | | 1 mo |
| 01/06 | Ppt | 100 | 0 | 0 | | 6-12 mos |
| 12/05 | Ppt | 50 | 0 | 0 | | 6-12 mos |

**Payments Detail Key:** ■ 30 or more days beyond terms
Accounts are sometimes placed for collection even though the existence or amount of the debt is disputed.

Payment experiences reflect how bills are met in relation to the terms granted. In some instances payment beyond terms can be the result of disputes over merchandise, skipped invoices etc.

Each experience shown is from a separate supplier. Updated trade experiences replace those previously reported.

**Jump to:**

Overview    |    Scores    |    Payments    |    History & Operations    |    Banking & Finance

# Public Filings

## PUBLIC FILINGS
‣ Back to Top

The following data includes both open and closed filings found in D&B's database on the subject company.

| Record Type | # of Records | Most Recent Filing Date |
|---|---|---|
| Bankruptcy Proceedings | 0 | - |
| Judgments | 0 | - |
| Liens | 5 | 12/22/2004 |
| Suits | 0 | - |
| UCC's | 1 | 01/24/2007 |

The following Public Filing data is for information purposes only and is not the official record. Certified copies can only be obtained from the official source.

## LIENS
‣ Back to Top

About Lie

A lienholder can file the same lien in more than one filing location. The appearance of multiple liens filed by the same lienholder against a debtor may be indicative of such an occurrence.

| | |
|---|---|
| Amount: | **$512** |
| Status: | **Released** |
| DOCKET NO.: | 04973261 |
| Type: | State Tax |
| Filed by: | INDIANA DEPARTMENT OF REVENUE |
| Against: | IKI ARCHITECTURAL GLAZING SYSTEMS |
| Where filed: | VANDERBURGH COUNTY CIRCUIT COURT, EVANSVILLE, IN |
| Date status attained: | 09/23/2005 |
| Date filed: | 12/22/2004 |
| Latest Info Received: | 10/11/2005 |

| | |
|---|---|
| Amount: | **$1,105** |
| Status: | **Released** |
| DOCKET NO.: | 04890567 |
| Type: | State Tax |
| Filed by: | INDIANA DEPARTMENT OF REVENUE |
| Against: | IKI ARCHITECTURAL GLAZING SYSTEMS |
| Where filed: | VANDERBURGH COUNTY CIRCUIT COURT, EVANSVILLE, IN |
| Date status attained: | 07/06/2005 |
| Date filed: | 11/17/2004 |
| Latest Info Received: | 08/10/2005 |

| | |
|---|---|
| Amount: | **$529** |
| Status: | **Released** |
| DOCKET NO.: | 04808152 |
| Type: | State Tax |
| Filed by: | INDIANA DEPARTMENT OF REVENUE |
| Against: | IKI ARCHITECTURAL GLAZING SYSTEMS |
| Where filed: | VANDERBURGH COUNTY CIRCUIT COURT, EVANSVILLE, IN |
| Date status attained: | 09/23/2005 |
| Date filed: | 10/14/2004 |
| Latest Info Received: | 10/11/2005 |

| | |
|---|---|
| **Amount:** | **$535** |
| **Status:** | **Released** |
| **DOCKET NO.:** | 04711661 |
| **Type:** | State Tax |
| **Filed by:** | INDIANA DEPARTMENT OF REVENUE |
| **Against:** | IKI ARCHITECTURAL GLAZING SYSTEMS |
| **Where filed:** | VANDERBURGH COUNTY CIRCUIT COURT, EVANSVILLE, IN |
| | |
| **Date status attained:** | 09/23/2005 |
| **Date filed:** | 09/14/2004 |
| **Latest Info Received:** | 10/11/2005 |

| | |
|---|---|
| **Amount:** | **$1,153** |
| **Status:** | **Open** |
| **DOCKET NO.:** | 04711949 |
| **Type:** | State Tax |
| **Filed by:** | INDIANA DEPARTMENT OF REVENUE |
| **Against:** | IKI ARCHITECTURAL GLAZING SYSTEMS |
| **Where filed:** | VANDERBURGH COUNTY CIRCUIT COURT, EVANSVILLE, IN |
| | |
| **Date status attained:** | 09/14/2004 |
| **Date filed:** | 09/14/2004 |
| **Latest Info Received:** | 09/30/2004 |

**UCC FILINGS**                                                                  About UCC Filir
▸ Back to Top

| | |
|---|---|
| **Collateral:** | All Inventory and proceeds - All Account(s) and proceeds - All Farm products/crops and proceeds - All General intangibles(s) and proceeds - and OTHERS |
| **Type:** | Original |
| **Sec. party:** | FIRST STATE BANK, ELDORADO, IL |
| **Debtor:** | IKI ARCHITECTURAL GLAZING |
| **Filing number:** | 0700000807731 |
| **Filed with:** | SECRETARY OF STATE/UCC DIVISION, INDIANAPOLIS, IN |
| | |
| **Date filed:** | 01/24/2007 |
| **Latest Info Received:** | 02/16/2007 |

The public record items contained in this report may have been paid, terminated, vacated or released prior to the date this report was printed.

**GOVERNMENT ACTIVITY**                                              About Government Activ
▸ Back to Top

**Activity summary**

| | |
|---|---|
| Borrower (Dir/Guar): | NO |
| Administrative debt: | NO |
| Contractor: | NO |
| Grantee: | NO |
| Party excluded from federal program(s): | NO |

**Possible candidate for socio-economic program consideration**

| | |
|---|---|
| Labor surplus area: | N/A |
| Small Business: | YES (2007) |
| 8(A) firm: | N/A |

The details provided in the Government Activity section are as reported to Dun & Bradstreet by the federal government and other sources.

**Jump to:**

Overview    |    Scores    |    Payments    |    Public Filings    |    Banking & Finance

# History & Operations

**HISTORY**                                                                        ⑦ About Histo
▸ Back to Top

The following information was reported **04/09/2007**:

**Management:**        JOHN MAHONEY, PARTNER
                       GERALD MAHONEY, PARTNER

Ownership information provided verbally by Tana Kleitz, partner, on Sep 10 2002.

Business started 1999.

JOHN MAHONEY born 1960. Partner since 1999. Union Hall glacer from 1974 to 1999.

GERALD MAHONEY born 1970. 1988 - 1999 Worked for Union Hall Glasier local 1165 . From 1999 - present active here.
_____

**OPERATIONS**                                                                     ⑦ About Operatic
▸ Back to Top

04/09/2007

**Description:**        Contractor of glass or glazing work.

                       Terms: net 30 days. Sells to contractors. Territory : Local.

**Employees:**         25-30 which includes partners.

**Facilities:**        Rents 2,500 sq. ft. in one story frame building.

**SIC & NAICS**                                                                    ⑦ About SIC & NAI
▸ Back to Top

⑦ **SIC:**                                        ⑦ **NAICS:**

Based on information in our file, D&B has         238150  Glass and Glazing Contractors
assigned this company an extended 8-digit SIC.
D&B's use of 8-digit SICs enables us to be more
specific to a company's operations than if we
use the standard 4-digit code.

The 4-digit SIC numbers link to the description
on the Occupational Safety & Health
Administration (OSHA) Web site. Links open in a
new browser window.

**1793**0000        Glass and glazing work

_____

**Jump to:**

Overview    |    Scores    |    Payments    |    Public Filings    |    History & Operations

# Banking & Finance

**KEY BUSINESS RATIOS**                                    ⑦ About Key Business Rat
▸ Back to Top

D&B has been unable to obtain sufficient financial information from this company to calculate business ratios. Our check of additional outside sources also found no information available on its financial performance.
To help you in this instance, ratios for other firms in the same industry are provided below to support your analysis of this business.

**Based on this number of establishments:** 27

### Industry Norms based on 27 establishments

|                            | This Business | Industry Median | Industry Quartile |
|----------------------------|---------------|-----------------|-------------------|
| **Profitability**          |               |                 |                   |
| Return on Sales            | UN            | 1.7             | UN                |
| Return on Net Worth        | UN            | 10.1            | UN                |
| **Short-Term Solvency**    |               |                 |                   |
| Current Ratio              | UN            | 2.0             | UN                |
| Quick Ratio                | UN            | 1.5             | UN                |
| **Efficiency**             |               |                 |                   |
| Assets Sales               | UN            | 37.5            | UN                |
| Sales / Net Working Capital| UN            | 6.2             | UN                |
| **Utilization**            |               |                 |                   |
| Total Liabs / Net Worth    | UN            | 105.9           | UN                |

UN = Unavailable

**FINANCE**                                               ⑦ About Finar
▸ Back to Top

**04/09/2007**

Sources contacted verified information on April 4, 2007.

**CUSTOMER SERVICE**
▸ Back to Top

If you have questions about this report, please call our Customer Resource Center at 1.800.234.3867 from anywhere within the U.S. If you are outside the U.S. contact your local D&B office.

*** Additional Decision Support Available ***

Additional D&B products, monitoring services and specialized investigations are available to help you evaluate this company or its industry. Call Dun & Bradstreet's Customer Resource Center at 1.800.234.3867 from anywhere within the U.S. or visit our website at www.dnb.com.

 Overview        Scores        Payments        Public Filings        History & Operations        Banking & Financ

◂Back to Report Archive            Print Entire Report    E-mail Report    Save HTML Report    Set as My Favorite
◂New Search                                      Order an Investigation    Tell Us What You Think

Copyright 2007 Dun & Bradstreet - Provided under contract for the exclusive use of subscriber 004019911L

Company Reports | Basic Marketing Lookups | US Public Records Search | Country Risk Services
ZapData | Global Family Linkage | Global Marketing Lists
Home | DUNSRight™ | FAQs | Customer Assistance | Samples and Descriptions | Price Guide | About Privacy

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

INTERNATIONAL PAINTERS AND ALLIED       )
TRADES INDUSTRY PENSION FUND            )
                                        )
                  Plaintiff       )       CIVIL ACTION NO.
    v.                                  )       1:07-cv-00924 (RCL)
                                        )
I.K.I. ARCHITECTURAL GLAZING SYSTEMS    )
    a/k/a IKI Architectural Glazing Systems    )
    a/k/a IKI Architectural Glazing Systems, Inc.,)
    an unincorporated business et al.          )
                                        )
                Defendants      )

**JENNINGS SIGMOND ATTORNEYS' FEES – July 2007**

| <u>Date</u> | <u>Attorney</u> | <u>Task</u> | <u>Time</u> |
|---|---|---|---|
| 7/02/07 | JAF | Phone Conference with Theresa at Clerk's Office Regarding Returns of Service; Review of Documents; Update Litigation Status Report; Memo to File | 0.8 |
| 7/11/07 | JAF | Review of Documents; Preparation of Correspondence to P. Gilbert and T. Montemore regarding updated delinquency; Review of Court Order regarding Default Motion; Preparation of Declaration of T. Montemore. | 1.8 |
| 7/12/07 | JAF | Review of Documents; Review of Correspondence from P. Gilbert (3x); Review of Correspondence from T. Montemore; Preparation of Correspondence to P. Gilbert and T. Montemore (2x); Review of updated delinquency; Preparation of Motion for Default Judgment Preparation of Memorandum of Points and Authorities. | 3.3 |
| 7/18/07 | JAF | Preparation of Attorney Declaration; | |

185373-1



EXHIBIT

4

Calculation of Attorneys' Fees
Review and Revision of Default Motion, Review and
Revision of Memorandum of Points and Authorities;
Preparation of Request to Enter Default.            2.7

                                    **TOTAL**          **8.6**

**July Summary**

JAF     8.6 Hrs x $220.00   = $1,892.00


**Fees from 4/07 – 6/07**      = $674.00


**Costs**                       = $725.42


**Grand Total**                 = **$3,291.42**

125604_1                                2

# Jennings Sigmond, P.C.
## Time And Expense Details

| Client | Client Reporting Name | Matter | Matter Reporting Name | Billing Timekeeper |
|---|---|---|---|---|
| OINTF | IUPAT Industry Pension Fund | 28927 | IKI Architectural Glazing Sys | Sigmond, Richard B. |

Beginning To End

### Unbilled Expenses

| Date | Amount | Exp Code | Narrative |
|---|---|---|---|
| 7/6/2007 | $240.00 | 7100 | Service of Process |

**Unbilled Expenses Totals** $240.00

### Billed Time

| Date | Timekeeper | Hours Worked | Hours On Bill | Rate | Amount Task | Activity | Narrative |
|---|---|---|---|---|---|---|---|
| 4/25/2007 | SGR | 0.40 | 0.40 | 200.00 | $80.00 | | Review of Correspondence from Fund regarding New Delinquency Case |
| 4/27/2007 | JAF | 2.10 | 2.10 | 200.00 | $420.00 | | Review of Documents / Preparation of Litigation Memo |
| 5/7/2007 | SGR | 0.40 | 0.40 | 200.00 | $80.00 | | Review of Documents re: new delinquency case / Computer Research re: corporate information search |
| 5/8/2007 | JAF | 0.40 | 0.40 | 200.00 | $80.00 | | Preparation of Complaint / Review and Revision of Complaint |
| 5/21/2007 | CTM | 0.20 | 0.20 | 70.00 | $14.00 | | Review and Revision of Complaint Regarding Individual Defendants / Memo to File / Review of Electronic Court Documents regarding Complaint and Summons |

**Billed Time Totals** 3.50   3.50   $674.00

### Billed Expenses

| Date | Amount | Exp Code | Narrative |
|---|---|---|---|
| 5/1/2007 | $86.15 | CRDB | Computer Research - Dun & Bradstreet |
| 5/1/2007 | $18.37 | PO | Postage Charges |
| 5/10/2007 | $350.00 | 7100 | Filing Fee |
| 5/15/2007 | $9.20 | PO | Postage Charges |
| 5/23/2007 | $21.70 | COPY | Photocopies |

**Billed Expenses Totals** $485.42

| | Hours Worked | Hours To Bill | Fee Amount | Expense Amount | Total Amount |
|---|---|---|---|---|---|
| **Report Totals** | 3.50 | 3.50 | $674.00 | $725.42 | $1,399.42 |

*** End Of Report ***

# Associate Hourly Billing Rates by Region



Legend:
- ☐ Median
- ▨ 90th Percentile

**New England:** $250 / $185
**Middle Atlantic:** $273 / $195
**South Atlantic:** $270 / $190
**E. So. Central:** $220 / $170
**W. So. Central:** $240 / $175
**E. No. Central:** $275 / $180
**W. No. Central:** $190 / $145
**Mountain:** $250 / $175
**Pacific:** $290 / $195

Source: Altman Weil Survey of Law Firm Economics
2005 Edition

See following page for states included
in each region.



EXHIBIT

5



Census Regions and Divisions of the United States



# Median Hourly Billing Rates
## Litigation Specialties

Top Five Hourly Rates

Equity and Non-Equity Partners

Antitrust: $380
IP: $330
Tax: $325
Employee Benefits: $305
Criminal: $305

Source: Altman Weil Survey of Law Firm Economics
2005 Edition



**OSBA**

# THE 2004 ECONOMICS OF LAW PRACTICE IN OHIO SURVEY

## Introduction

During the spring of 2004, the Ohio State Bar Association, Section on Solo, Small Firms and General Practice (OSBA) surveyed the Ohio legal community on the economics of law practice. Two online surveys were utilized, replacing the single mail-based survey instrument provided in past years.

With respect to the economics of law practice, similar studies were undertaken in 2001, 1998, 1994 and 1990. The objectives of these studies were to determine, among other things:

- current demographics of practicing attorneys;

- attorney net income by practice category, gender, field of law, office location, work status, years in practice and firm size;

- associate, legal assistant, and secretary compensation by years of experience and office location;

- prevailing average hourly billing rates for attorneys by a variety of indicators, and rates for legal assistants by years of experience, firm size and office location;

- attorney time allocated to billable and non-billable professional activities; and

- overhead expenses associated with maintaining a private practice by office location and firm size.

Attorneys can compare themselves and their firms against "norms" established by the aggregation of survey data. Time series information is also provided to denote trends. Norms include statistics that are organized by combinations of office location, firm size, gender, work status (full-time vs. part-time), practice class, area of legal concentration and years of practice.

The above information has been consolidated into this reference to help guide attorneys as they plan and manage their professional lives.

For 2004, a survey dedicated to law office technology and marketing issues was also fielded at the same time as the economics survey. Findings from this survey are summarized as Current Issues on Law Office Technology and Marketing in Ohio, 2004 and are available at www.ohiobar.org.

© 2004 Ohio State Bar Association. All rights reserved.

1



**EXHIBIT**

6

## IV.    BILLING RATES AND PRACTICES

A.    Takeaways.

1.    The median hourly billing rate for all attorneys was *$175* for 2004 and *$110* for 1994. The average annual rate of increase in hourly billing rates during this time period was *5.9%*.

2.    Rates have increased the most in *suburban Cincinnati* (7.3% per year) and least in *suburban Columbus* (2.5%).

3.    Rates increased most for *partners in firms with 8+ partners* (5.9%) and least for *partners in firms with two to seven partners* (3.7%).

4.    *Rates increased the most for respondents in* firms with two to five attorneys (6.05%) and least for respondents in *firms with more than 20 attorneys* (4.2%).

5.    Rates increased the most for *estate planning attorneys* (9.5%) and *tax attorneys* (7.6%) and least for *bankruptcy* (2%) and *municipal/public entity* attorneys (- 1%).

6.    Fifty-six percent of respondents had *not changed* their rates in one year or more.

7.    When rates are raised, the prevalent increase is *6-10%* (41% of respondents).

8.    *Uncollectibles* (greater than 2% of fees billed) are increasing. The prevalent range is *3-8% of fees billed* (33% in 2004 and 30% in 2000).

9.    Attorneys are *increasingly adding service charges* to delinquent accounts where applicable (30% in 2004 compared with 20% in 1990).

B.    Implications.

1.    There is still pricing power for legal services despite intense competition and an ever growing supply of attorneys.

2.    Existing and new practice management benchmarks should be available, especially for solos and small firm practicing attorneys, to enable relative standing self assessments.

## V.    ATTORNEY TIME ALLOCATIONS

A.    Takeaways.

1.    The median value for *total hours* worked in 2004 rose to *50* from *48* in 1990 (2500 hours per year on a 50-week year).

## Law Firm Billing Rates and Billing Practices

### 2004 Attorney Hourly Billing Rates

The reported 2004 median hourly billing rate is $200. The average is $206. While several interacting factors affect the setting and application of hourly billing rates, Exhibit 21 includes three discrete factors: respondents' firm size, years in practice and office location, while Exhibit 22 identifies respondents' primary source of income, and practice category.

**Exhibit 21     2004 HOURLY BILLING RATES BY FIRM SIZE, YEARS IN PRACTICE AND OFFICE LOCATION**

| Size of Firm | N | Mean | 25th | Median | 75th | 95th |
|---|---|---|---|---|---|---|
| 1 | 196 | $155 | $125 | $150 | $175 | $225 |
| 2 | 55 | 164 | 125 | 150 | 185 | 250 |
| 3-6 | 77 | 176 | 150 | 175 | 200 | 256 |
| 7-10 | 40 | 196 | 150 | 180 | 244 | 300 |
| 11-20 | 39 | 189 | 155 | 195 | 225 | 275 |
| 21-50 | 49 | 206 | 163 | 200 | 238 | 320 |
| 51+ | 72 | 249 | 186 | 240 | 300 | 377 |
| **Yrs. in Practice** | | | | | | |
| 5 or less | 70 | $147 | $125 | $143 | $175 | $222 |
| 6-10 | 78 | 164 | 125 | 150 | 190 | 250 |
| 11-15 | 65 | 185 | 150 | 180 | 228 | 296 |
| 16-25 | 131 | 184 | 150 | 165 | 220 | 306 |
| More than 25 | 183 | 200 | 150 | 190 | 230 | 340 |
| **Office Location** | | | | | | |
| Greater Cleveland | 121 | $200 | $150 | $185 | $238 | $350 |
| Greater Cincinnati | 61 | 199 | 150 | 180 | 245 | 325 |
| Greater Columbus | 120 | 194 | 150 | 180 | 233 | 300 |
| Greater Dayton | 25 | 179 | 150 | 175 | 193 | 296 |
| Northeast Region | 98 | 165 | 125 | 163 | 196 | 250 |
| Northwest Region | 47 | 152 | 120 | 150 | 175 | 263 |
| Southern Region | 56 | 155 | 125 | 150 | 175 | 250 |
| Downtown Cleveland | 61 | $237 | $183 | $235 | $283 | $359 |
| Suburban Cleveland | 60 | 161 | 150 | 150 | 189 | 220 |
| Downtown Cincinnati | 40 | 213 | 153 | 200 | 271 | 368 |
| Suburban Cincinnati | 21 | 173 | 145 | 175 | 183 | 249 |
| Downtown Columbus | 67 | 217 | 165 | 210 | 260 | 334 |
| Suburban Columbus | 53 | 164 | 145 | 150 | 200 | 243 |
| Dayton | 25 | 179 | 150 | 175 | 193 | 296 |
| Canton | 12 | 154 | 116 | 153 | 183 | 250 |
| Akron | 41 | 186 | 150 | 190 | 223 | 273 |
| Toledo | 26 | 170 | 144 | 168 | 186 | 285 |
| Youngstown | 9 | 146 | 113 | 150 | 178 | 200 |
| Northeast Ohio | 36 | 149 | 125 | 138 | 188 | 225 |
| Northwest Ohio | 21 | 129 | 100 | 125 | 150 | 180 |
| Southeast Ohio | 16 | 155 | 125 | 150 | 188 | 250 |
| Southwest Ohio | 25 | 146 | 125 | 150 | 170 | 207 |
| Central Ohio | 15 | 171 | 150 | 165 | 185 | 250 |
| **All Attorneys** | 530 | $182 | $150 | $175 | $210 | $300 |

**Exhibit 22**    **2004 HOURLY BILLING RATES BY PRIMARY FIELD OF LAW AND PRACTICE CLASS**

| Primary Field of Law | N | Mean | 25th | Median | 75th | 95th |
|---|---|---|---|---|---|---|
| | | | | Value by Percentile | | |
| Administrative Law | 5 | $241 | $188 | $260 | $285 | $295 |
| Bankruptcy, Debtor | 18 | 135 | 115 | 150 | 168 | 190 |
| Collections | 10 | 146 | 119 | 135 | 164 | 250 |
| Corporate/Business Law | 48 | 201 | 150 | 183 | 225 | 340 |
| Criminal (Public Defendant) | 9 | 139 | 100 | 125 | 175 | 225 |
| Criminal (Private Defendant) | 12 | 154 | 125 | 150 | 173 | 250 |
| Domestic Relations/Family Law | 55 | 173 | 125 | 150 | 200 | 280 |
| Environmental Law/Natural Resources Law | 6 | 200 | 151 | 168 | 283 | 305 |
| General Practice | 14 | 136 | 118 | 132 | 161 | 185 |
| Health & Hospital Law | 6 | 203 | 148 | 195 | 263 | 300 |
| Intellectual Property | 10 | 216 | 174 | 223 | 250 | 300 |
| Labor Law (Management) | 6 | 185 | 150 | 168 | 236 | 255 |
| Employment Law (Management) | 25 | 187 | 138 | 175 | 238 | 324 |
| Employment Law (Labor) | 6 | 178 | 151 | 175 | 208 | 230 |
| Municipal/Public Entity Law | 8 | 164 | 111 | 138 | 225 | 305 |
| Product Liability | 5 | 226 | 138 | 205 | 325 | 425 |
| Personal Injury (Defendant) | 25 | 148 | 110 | 135 | 175 | 270 |
| Personal Injury (Plaintiff) | 43 | 179 | 150 | 160 | 200 | 300 |
| Professional Liability | 6 | 164 | 149 | 165 | 178 | 185 |
| Real Property Law | 26 | 164 | 125 | 150 | 195 | 315 |
| Taxation | 7 | 231 | 175 | 220 | 295 | 300 |
| Trial Practice, not PI (General Civil) | 20 | 190 | 140 | 177 | 200 | 415 |
| Trial Practice, not PI (Commercial) | 20 | 224 | 181 | 210 | 276 | 387 |
| Estate Planning/Wealth Management | 36 | 209 | 175 | 205 | 233 | 308 |
| Probate, Decedents' Estates | 49 | 176 | 150 | 175 | 200 | 250 |
| Workers' Compensation (Plaintiff) | 6 | 167 | 125 | 150 | 213 | 250 |
| Other | 23 | 200 | 150 | 190 | 250 | 358 |
| **Practice Classification** | | | | | | |
| Sole Practitioner | 168 | $153 | $125 | $150 | $175 | $225 |
| Solo with 1+ associates | 42 | 181 | 150 | 175 | 203 | 259 |
| Space Sharer | 21 | 160 | 125 | 150 | 175 | 275 |
| Partner in Firm with 2-7 Partners | 114 | 184 | 150 | 175 | 221 | 300 |
| Partner in Firm with 8+ Partners | 88 | 249 | 196 | 240 | 300 | 381 |
| Associate in Firm with 2-7 Partners | 31 | 156 | 125 | 150 | 175 | 264 |
| Associate in Firm with 8+ Partners | 56 | 180 | 150 | 175 | 210 | 263 |
| **All Attorneys** | 530 | $182 | $150 | $175 | $210 | $300 |

## Hourly Billing Rates for Associates and Legal Assistants

The distribution of hourly billing rates for associates and legal assistants are summarized by years of experience in Exhibit 23, by office location (Exhibits 24 and 25), and by firm size (Exhibits 26 and 27).

**Exhibit 26**   **DISTRIBUTIONS OF 2004 HOURLY BILLING RATES FOR ASSOCIATES BY FIRM SIZE AND YEARS OF EXPERIENCE**

| Associate Billing Rate Category | Firm Size (Number of Attorneys) | | | | |
| | 2 | 3-6 | 7-20 | 21+ | All |
|---|---|---|---|---|---|
| **No Experience** | | | | | |
| <$135 | 57.9 | 78.1 | 69.0 | 43.5 | 61.9 |
| $136-145 | 15.8 | 9.4 | 10.3 | 19.6 | 13.5 |
| $146-155 | 15.8 | 9.4 | 17.2 | 19.6 | 16.1 |
| $156-165 | | | 1.7 | 6.5 | 2.6 |
| $166-175 | 10.5 | | 1.7 | 4.3 | 3.2 |
| $176-199 | | | | 6.5 | 1.9 |
| $225-249 | | 3.1 | | | 0.6 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **3 Years Experience** | | | | | |
| <$135 | 43.8 | 35.3 | 39.0 | 13.0 | 31.0 |
| $136-145 | 18.8 | 20.6 | 22.0 | 19.6 | 20.6 |
| $146-155 | 25.0 | 29.4 | 20.3 | 21.7 | 23.2 |
| $156-165 | | 11.8 | 6.8 | 13.0 | 9.0 |
| $166-175 | 6.3 | 2.9 | 6.8 | 23.9 | 11.0 |
| $176-199 | 6.3 | | 5.1 | 8.7 | 5.2 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **5 Years Experience** | | | | | |
| <$135 | 12.5 | 24.0 | 25.0 | 4.3 | 16.9 |
| $136-145 | 25.0 | 8.0 | 10.7 | 10.6 | 11.0 |
| $146-155 | 12.5 | 40.0 | 25.0 | 10.6 | 22.1 |
| $156-165 | 12.5 | 12.0 | 17.9 | 17.0 | 16.2 |
| $166-175 | | 16.0 | 10.7 | 10.6 | 11.0 |
| $176-199 | 12.5 | | 10.7 | 29.8 | 15.4 |
| $200-224 | 25.0 | | | 14.9 | 6.6 |
| $225-249 | | | | 2.1 | 0.7 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **10 Years Experience** | | | | | |
| <$135 | 33.3 | 14.8 | 19.5 | 5.4 | 14.9 |
| $136-145 | 11.1 | | 4.9 | 2.7 | 3.5 |
| $146-155 | | 22.2 | 14.6 | 5.4 | 12.3 |
| $156-165 | 22.2 | 7.4 | 4.9 | 5.4 | 7.0 |
| $166-175 | | 14.8 | 14.6 | 16.2 | 14.0 |
| $176-199 | | 18.5 | 26.8 | 18.9 | 20.2 |
| $200-224 | 22.2 | 18.5 | 14.6 | 18.9 | 17.5 |
| $225-249 | 11.1 | 3.7 | | 10.8 | 5.3 |
| $250+ | | | | 16.2 | 5.3 |
| Total | 100% | 100% | 100% | 100% | 100% |

Exhibit 27    DISTRIBUTIONS OF 2004 HOURLY BILLING RATES FOR
LEGAL ASSISTANTS BY FIRM SIZE AND EXPERIENCE

| Legal Assistant Billing Rate Category | Firm Size (Number of Attorneys) | | | | |
|---|---|---|---|---|---|
| | 2 | 3-6 | 7-20 | 21+ | All Firms |
| **No Experience** | | | | | |
| $50 or less | 40.0 | 60.0 | 50.0 | 20.0 | 41.0 |
| $51-60 | 30.0 | 20.0 | 20.0 | 17.1 | 20.0 |
| $61-70 | 10.0 | 4.0 | 10.0 | 5.7 | 7.0 |
| $71-80 | 20.0 | 8.0 | 10.0 | 25.7 | 16.0 |
| $81-90 | | 4.0 | 10.0 | 8.6 | 7.0 |
| $91-100 | | 4.0 | | 17.1 | 7.0 |
| $101-110 | | | | 5.7 | 2.0 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **3 Years Experience** | | | | | |
| $50 or less | 12.5 | 25.0 | 13.3 | 2.8 | 11.7 |
| $51-60 | 62.5 | 35.0 | 23.3 | 11.1 | 24.5 |
| $61-70 | | 20.0 | 26.7 | 22.2 | 21.3 |
| $71-80 | | 10.0 | 13.3 | 11.1 | 10.6 |
| $81-90 | 12.5 | 5.0 | 10.0 | 22.2 | 13.8 |
| $91-100 | 12.5 | | 10.0 | 8.3 | 7.4 |
| $101-110 | | 5.0 | 3.3 | 8.3 | 5.3 |
| $111-120 | | | | 11.1 | 4.3 |
| >$120 | | | | 2.8 | 1.1 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **5 Years Experience** | | | | | |
| $50 or less | 16.7 | 4.5 | 8.6 | 2.9 | 6.2 |
| $51-60 | | 27.3 | 17.1 | 5.9 | 14.4 |
| $61-70 | 66.7 | 22.7 | 11.4 | 14.7 | 18.6 |
| $71-80 | 16.7 | 31.8 | 34.3 | 11.8 | 24.7 |
| $81-90 | | 4.5 | 14.3 | 11.8 | 10.3 |
| $91-100 | | | 11.4 | 17.6 | 10.3 |
| $101-110 | | 9.1 | | 11.8 | 6.2 |
| $111-120 | | | | 11.8 | 4.1 |
| >$120 | | | 2.9 | 11.8 | 5.2 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **10 Years Experience** | | | | | |
| $50 or less | 20.0 | | 2.7 | 3.0 | 3.9 |
| $51-60 | 20.0 | 9.1 | 18.9 | 3.0 | 11.8 |
| $61-70 | | 13.6 | 13.5 | 12.1 | 11.8 |
| $71-80 | 30.0 | 40.9 | 18.9 | 6.1 | 20.6 |
| $81-90 | 10.0 | 18.2 | 21.6 | 6.1 | 14.7 |
| $91-100 | | 13.6 | 16.2 | 18.2 | 14.7 |
| $101-110 | | 4.5 | | 12.1 | 4.9 |
| $111-120 | 20.0 | | 5.4 | 18.2 | 9.8 |
| >$120 | | | 2.7 | 21.2 | 7.8 |
| Total | 100% | 100% | 100% | 100% | 100% |

Exhibit 28 displays the impact of firm size on methods for client billing for legal assistants:

Exhibit 28    LEGAL ASSISTANT CLIENT BILLING METHODS BY SIZE OF FIRM, 2004

| Billing Method for Legal Assistants | Firm Size (Number of Attorneys) | | | | | |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3-6 | 7-20 | 21+ | All Firms |
| Included with Attorney Fee | 47.1 | 59.5 | 39.7 | 19.7 | 4.7 | 32.1 |
| Time | 42.9 | 35.1 | 55.2 | 73.8 | 87.5 | 60.7 |
| Fee Schedule | 8.6 | 5.4 | 5.2 | 3.3 | 6.3 | 5.9 |
| Total | 100% | 100% | 100% | 100% | 100% | 100% |

*Economics of Law Practice in Ohio • 31*