IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) <br> TRADES INDUSTRY PENSION FUND ) <br> ) <br> Plaintiff ) <br> v. ) <br> ) <br> I.K.I. ARCHITECTURAL GLAZING SYSTEMS ) <br>    a/k/a IKI Architectural Glazing Systems ) <br>    a/k/a IKI Architectural Glazing Systems, Inc.,) <br>    an unincorporated business et al. ) <br> ) <br> Defendants ) | CIVIL ACTION NO. <br> 1:07-cv-00924 (RCL) <br> <br> FILED <br> OCT - 3 2007 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

### DEFAULT JUDGMENT

In consideration of Plaintiff's Motion for Entry of Judgment by Default, the supporting Memorandum and Declarations, and this Court being duly advised in the premises, it is this 3rd day of October, 2007:

ORDERED, that Plaintiff's Motion shall be and hereby is **GRANTED**; and it is further

ORDERED, that pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and ERISA, as amended, 29 U.S.C. Section 1132(g)(2), final judgment shall be and hereby is entered for Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund"), and against I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc. ("Company"), John Mahoney, Individually and d/b/a I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc. ("J. Mahoney" and, together with G. Mahoney, "Individual Defendants" and, together with Company, "Defendants") and Gerald Mahoney, Individually and d/b/a I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI

185373-1

Architectural Glazing Systems, Inc. ("G. Mahoney" and, together with J. Mahoney, "Individual Defendants" and, together with Company, "Defendants"), jointly and severally, in the amount of $34,291.32 which includes the following:

1. Contributions in the amount of $24,002.90 for the period October 2006 through May 2007;

2. Interest on the unpaid contributions set out in paragraph one (1) above through July 15, 2007 in the amount of $847.43;

3. Liquidated damages in the amount of $4,800.58;

4. Late Fees in the amount of $1,348.99; and

5. Attorneys' fees in the amount of $2,566.00 and costs in the amount of $725.42 through July 18, 2007.

ORDERED that Defendants, their owners, officers, agents, servants, attorneys, and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which Defendants are obligated to do so under the collective bargaining agreement(s).

ORDERED that the Pension Fund shall have the right to conduct an audit of books and records for all relevant periods, including the time period from January 2004 through the date of the audit. Defendants, their owners, officers, agents, servants, employees and all persons acting on Defendants' behalf or in conjunction with Defendants, shall be and are hereby restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by the Pension Fund and shall produce all books and records requested by the auditor

and/or the Trustees of the Pension Fund, including, but not limited to, payroll, wage, general ledger and cash disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to the Pension Fund. Defendants, jointly and severally, shall pay to the Pension Fund the cost of the audit together with any additional amounts found owing, plus such other amounts as set forth in the collective bargaining agreement, the trust agreements and rules and regulations of the Pension Fund, ERISA and applicable law.

If further action by Plaintiff to enforce this judgment is required, Plaintiff may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in paragraph 4 above.

_____, J.
ROYCE C. LAMBERTH
United States District Judge


Copies of this Default Judgment shall be sent to:

Sanford G. Rosenthal, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683

I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc.
John Mahoney, Individually and d/b/a I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc.
Gerald Mahoney, Individually and d/b/a I.K.I. Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems a/k/a IKI Architectural Glazing Systems, Inc.
1822 West Franklin Street, Suite B
Evansville, IN 47712